E-Filing

1  VERNE A. PERRY
   Attorney at Law
2  State Bar No. 72230
   225 W. Winton Avenue
3  Hayward, CA 94544
   Telephone (510) 783-7373
4  Facsimile (510) 783-7383
   Email – vernep@gmail.com
5
6  Attorney for Plaintiff

FILED

AUG 1 2 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

7
8                      UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

                                              C13-3731

10  JANE L. CREASON,                    ) CASE NO:
11                                      )
        PLAINTIFF,                      ) COMPLAINT FOR VIOLATON
12                                      ) OF FEDERAL FAIR HOUSING
                                        ) ACT; VIOLATION OF
13          v.                          ) CALIFORNIA FAIR
                                        ) EMPLOYMENT AND HOUSING
14  PUNEET KAUR SINGH, THEODORE         ) ACT; TORTIOUS DISCHARGE
    KIMBALL, KIMBALL, TIREY & ST. JOHN  ) IN VIOLATION OF PUBLIC
15  LLP,                                ) POLICY;
                                        )
16  and DOES 1-10, inclusive,           ) AND JURY DEMAND.
                                        )
17          DEFENDANTS.                 )
                                        )
18  _____)
19
20                      **PRELIMINARY STATEMENT**

21      Who gets fired for obeying the law? JANE CREASON was for complying with the Fair

22  Housing Act in court. How should a KIMBALL, TIREY & ST. JOHN LLP attorney practice

23  law? According to Defendants, a best practice would be hauling a domestic violence victim

24  through a discriminatory eviction case in order to impress the Novato Police Department and

25  City Council.

26
27
28

1

## JURISDICTION

1. This action is brought pursuant to the Fair Housing Act of 1968, 42 U.S.C. §§ 3601 et seq., for retaliatory termination.   Jurisdiction is conferred on this Court by 42 U.S.C. §§ 3610(d) and 3612(a).

2. Plaintiff JANE CREASON was Senior Trial Attorney in the Northern California office of Defendant KIMBALL, TIREY & ST. JOHN LLP for seven years, and is a resident of Contra Costa County.

3. Defendant PUNEET KAUR SINGH is a lecturer on residential landlord/tenant law and fair housing issues; instructor and speaker for trade shows; MCLE fair housing presenter; and Managing Partner of the Northern California office of KIMBALL, TIREY & ST. JOHN LLP, located at 500 Ygnacio Valley Road, Suite 290, Walnut Creek, California 94596.

4. Defendant THEODORE KIMBALL is the founder of KIMBALL, TIREY & ST. JOHN LLP, specialist in fair housing and expert in landlord/tenant legal issues in California; his office is located at 7676 Hazard Center Drive, Suite 900, San Diego, California 92108.

5. Defendant KIMBALL, TIREY & ST. JOHN LLP is a statewide, full-service law firm that has been representing owners and managers of residential and commercial properties for over 35 years in California; it is located at 7676 Hazard Center Drive, Suite 900, San Diego, California  92108.

6. Compensatory and punitive damages are sought pursuant to the federal Fair Housing Act, 42 USC 3613(c).

7. Compensatory and punitive damages are also sought under supplemental claims based on violation of the California Fair Employment and Housing Act (Cal. Govt. Code §12955.6) and termination in violation of public policy (Cal. Civ. Code § 3294).

8. The Department of Fair Employment and Housing issued a Right to Sue letter (copy attached), which was received by JANE CREASON on August 11, 2013.

9. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10 inclusive, and therefore sues these defendants by such fictitious names, and alleges they were at all times relevant as Defendants. Plaintiff will pray leave of this Court to amend this Complaint to allege the true names and capacities when ascertained.

10. Plaintiff alleges that each of the Defendants named herein was at all times relevant to this action as the agent, employee, or managing partner of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

## SPECIFIC FACTS COMMON TO ALL CAUSES OF ACTION

11. On April 4, 2012, a Marin County tenant (hereafter "Victim") was the victim of domestic violence, as memorialized in a Novato Police Report.

12. Victim was female and the aggressor tenant (hereafter "Perpetrator") was male; both were on the Lease Contract as tenants.

13. May 8, 2012, the Superior Court of California, County of Marin, issued a Criminal Protective Order – Domestic Violence for Victim.

14. May 15, 2012, Defendant KIMBALL, TIREY & ST. JOHN LLP, representing the landlord, prepared a 3 Day Notice to Quit – Nuisance (hereafter "Notice") based on the domestic violence incident of April 4, 2012.

15. The sole cause of eviction was the domestic violence disturbance.

16. When the Perpetrator was not found at the unit, the Notice was posted and mailed.

17. May 24, 2012, Defendant KIMBALL, TIREY & ST. JOHN LLP filed an eviction action

against the Perpetrator based on the April 4, 2012, domestic violence incident.

18. June 4, 2012, Victim filed an Answer alleging domestic violence as an affirmative

defense, pursuant to California Code of Civil Procedure § 1161.3.

19. Victim asserted in her Answer that the Perpetrator had abandoned the unit on April 5,

2012.

20. Victim attached a copy of the Criminal Protective Order – Domestic Violence, to her

Answer.

21. June 4, 2012, Victim filed the Prejudgment Claim of Right to Possession to save her

housing.

22. June 18, 2012, Defendant KIMBALL, TIREY & ST. JOHN LLP filed and obtained

Default Judgment against the Perpetrator, attaching a Declaration of Diligence indicating

four attempts to personally serve the Perpetrator at the unit had failed.

23. When the Perpetrator could not be found at the unit, KIMBALL, TIREY & ST. JOHN

LLP sub-served him with the Summons & Complaint through Victim's son.

24. All documents referenced in Victim's case are public records of the Superior Court of

California, County of Marin.

25. JANE CREASON informed   PUNEET SINGH that a) the Notice had not been

personally served on the Perpetrator; b) the Summons and Complaint were never

personally served on the Perpetrator; c) there was a Domestic Violence restraining order

keeping Perpetrator away from Victim; d) Victim alleged the Perpetrator had abandoned

the unit April 5, 2012; e) Victim alleged domestic violence as an affirmative defense

under California Code of Civil Procedure § 1161.3.; and f) Legal Aid of Marin had

assisted with the Answer.

26. Despite evidence that the Perpetrator was no longer in the unit, Defendant PUNEET

SINGH dismissed JANE CREASON'S concern about a valid domestic violence defense.

27. JANE CREASON documented the meeting with Defendant PUNEET SINGH in Defendant KIMBALL, TIREY & ST. JOHN LLP'S Prolaw data base on or about July 2, 2012.

28. At the court settlement hearing for Victim's eviction that was held on July 5, 2012, JANE CREASON discovered that Victim had a complete and valid domestic violence defense pursuant to California Code of Civil Procedure §1161.3.

29. JANE CREASON was aware of Sara K. Pratt, HUD Deputy Assistant Secretary for Enforcement and Programs, publishing a Memorandum dated February 9, 2011, stating that proceeding against a victim of domestic violence with an eviction constituted a second victimization, could be per se discrimination based upon sex and was prohibited by the Fair Housing Act.

30. JANE CREASON negotiated a settlement of the case with Legal Aid of Marin that complied with the Fair Housing Act and enabled Victim to keep her housing.

31. The settlement agreement would not trigger a complaint against Defendant KIMBALL, TIREY & ST. JOHN LLP, their client, or JANE CREASON for a violation of the Fair Housing Act.

32. The stipulation settling the case is a public record of the Superior Court of California, County of Marin.

33. JANE CREASON documented the results of the settlement hearing in Defendant KIMBALL, TIREY & ST. JOHN LLP'S Prolaw data base.

34. On or about July 6, 2012, pursuant to Defendant PUNEET SINGH'S order, JANE CREASON sent a draft email to Defendant PUNEET SINGH and Rebecca Garcia, a paralegal working for KIMBALL, TIREY & ST. JOHN LLP, explaining the domestic

violence defense on Victim's case referenced above.

35. On or about July 9, 2012, Defendant PUNEET SINGH emailed Rebecca Garcia and JANE CREASON, rejecting JANE CREASON'S email on the domestic violence defense and ordered further revisions.

36. On July 9, 2012, at 10:26 a.m., Defendant PUNEET SINGH retaliated against JANE CREASON for complying with the Fair Housing Act and removed her as attorney from a large account.

37. Upon her return from court on July 9, 2012, at 2:57 p.m., JANE CREASON sent a revised email to Defendant PUNEET SINGH and Rebecca Garcia, a paralegal working for KIMBALL, TIREY & ST. JOHN LLP, explaining Victim's domestic violence defense and fair housing laws on the Marin County case described above.

38. Shortly thereafter, JANE CREASON opened PUNEET SINGH'S 10:30 a.m. email that announced JANE CREASON had been removed from a large account.

39. JANE CREASON went to PUNEET SINGH'S office to discuss removing her from the large account, confused by PUNEET SINGH'S action which ignored the Fair Housing Act and domestic violence issue.

40. JANE CREASON was terminated on August 15, 2012, by Defendants THEODORE KIMBALL and PUNEET SINGH for failing to properly handle the eviction for domestic violence described above.

41. JANE CREASON was terminated in Defendant PUNEET SINGH'S office by Defendant PUNEET SINGH, with Defendant THEODORE KIMBALL and Defendant KIMBALL, TIREY & ST. JOHN LLP's Director of Human Resources, Alicia Stern, both appearing telephonically from San Diego.

42. Defendant THEODORE KIMBALL announced that he had reviewed the file for Victim

6

and determined that JANE CREASON mishandled the case by settling it.

43. THEODORE KIMBALL stated that JANE CREASON should have proceeded to trial on the domestic violence cause of action against the Victim, whether or not she won.

44. When JANE CREASON asked Defendant THEODORE KIMBALL if anyone at Defendant KIMBALL, TIREY & ST. JOHN LLP had examined her advice regarding the domestic violence issue, Defendant THEODORE KIMBALL cut her off retorting, "We are not here to discuss your defense; this is about your separation."

45. Defendant THEODORE KIMBALL further stated that JANE CREASON should have tried the domestic violence-based eviction against Victim to the Court so that the client would look good to the Novato Police Department and City Council.

46. Defendant KIMBALL, TIREY & ST. JOHN LLP's website www.kts-law.com lists "fair housing defense" as an area of practice.

47. Defendant KIMBALL, TIREY & ST. JOHN LLP advertises on their website under the fair housing tab the following services and products: Educational Seminars; In-house seminars for Management Companies; Online Training Courses; Community Speaking Schedule; Educational Materials such as Fair Housing Encyclopedia and Maintenance Fair Housing Guide; and Video and Audio Tapes on "preventative fair housing information."

48. Defendant THEODORE KIMBALL'S www.kts-law.com resume proclaims the following areas of practice: Fair Housing Consultation; Fair Housing Defense; and Fair Housing Training.

49. Defendant PUNEET SINGH'S www.kts-law.com resume states her areas of practice include Fair Housing Training.

50. Defendant PUNEET SINGH is also promoted on www.kts-law.com as a lecturer on "fair

housing issues for owners, operators and rental housing providers throughout California as well as courses for MCLE credit."

## FIRST CAUSE OF ACTION – VIOLATION OF FAIR HOUSING ACT – INTERFERENCE WITH INDIVIDUAL BECAUSE OF ADVOCACY OF RIGHTS PROTECTED BY THE ACT.

51. Plaintiff incorporates Paragraphs 11 – 50 herein by reference.

52. Fair Housing Act prohibits interference with an individual because of her advocacy of the rights protected by the Act. [42 USC 3617]

53. When JANE CREASON raised the domestic violence issue as a defense during the termination, Defendant THEODORE KIMBALL responded that she should have proceeded to trial whether she won or lost, interfering with JANE CREASON'S advocacy of the rights protected by the Fair Housing Act.

## SECOND CAUSE OF ACTION – VIOLATION OF FAIR HOUSING ACT – EVICTION PROHIBITED BASED ON SEX

54. Plaintiff incorporates Paragraphs 11 – 50 herein by reference.

55. Fair Housing Act prohibits evicting tenants because of their race, color, religion, sex, handicap, familial status, or national origin. [24 CFR § 100.60 (5)]

**56.** Defendants THEODORE KIMBALL and PUNEET SINGH terminated JANE CREASON for failing to proceed to trial and evict female Victim of domestic violence victim based on her sex.

## THIRD CAUSE OF ACTION – VIOLATION OF FAIR HOUSING ACT - DISCHARGING PLAINTIFF BECAUSE SHE REFUSED TO PARTICIPATE IN A DISCRIMINATORY HOUSING PRACTICE.

57. Plaintiff incorporates Paragraphs 11 – 50 herein by reference.

58. FHA prohibits discharging or taking other adverse action against an employee because she refused to participate in a discriminatory housing practice.   [24 CFR 100.70(d)(1)]

59. Fair housing experts Defendants THEODORE KIMBALL and PUNEET SINGH discharged JANE CREASON because she refused to participate in a discriminatory housing practice.

## FOURTH CAUSE OF ACTION – VIOLATION OF FAIR HOUSING ACT BY DISMISSING PLAINTIFF FOR COMPLYING WITH FAIR HOUSING ACT

60. Plaintiff incorporates Paragraphs 11 – 50 herein by reference.

61. Fair Housing Act prohibits threatening an employee or agent with dismissal or taking such adverse employment action, for any effort to assist a person seeking access to the rental of a dwelling, because of the sex of that person.   [24 CFR 100.400(c)(3)]

62. Defendants THEODORE KIMBALL and PUNEET SINGH terminated JANE CREASON because she complied with the Fair Housing Act and assisted a Victim of domestic violence based on her sex.

## FIFTH CAUSE OF ACTION – VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT.

63. Plaintiff incorporates Paragraphs 11 – 50 herein by reference.

64. California's Fair Employment and Housing Act provides the same rights as the federal Fair Housing Act. [Ca. Govt. Code §12955.6]

65. Further, the Fair Employment and Housing Act provides that it shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of,

or on account of that person having exercised or enjoyed, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by California Government Code Sections 12955 or 12955.1. [Cal. Govt. Code 12955.7]

66. Defendants THEODORE KIMBALL and PUNEET SINGH interfered with JANE CREASON's employment because she complied with California fair housing law and aided Victim in her housing rights granted and protected by the Fair Employment and Housing Act.

## SIXTH CAUSE OF ACTION – TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY.

67. Plaintiff incorporates Paragraphs 11 – 50 herein by reference.

68. From August 16, 2005 to August 15, 2012, JANE CREASON was employed by Defendant KIMBALL, TIREY & ST. JOHN LLP as Senior Trial attorney, with responsibility for bringing cases through trial to judgment or resolution.

69. Defendant PUNEET SINGH was the direct supervisor of JANE CREASON from August 16, 2005 through termination on August 15, 2012, and as Managing Partner of the Northern California office, had authority to terminate JANE CREASON'S employment.

70. Defendant THEODORE KIMBALL was founding partner and had complete authority for terminating attorneys' employment at KIMBALL, TIREY & ST. JOHN LLP.

71. The Fair Housing Act was enacted in 1968; the California Fair Employment and Housing Act was enacted in 1980; thus both laws were well-established at the time of JANE CREASON'S termination.

72. The action that Defendants fired JANE CREASON for not performing – pursuing a trial

to evict a female victim of domestic violence with a complete defense pursuant to California Code of Civil Procedure § 1161.3 - would violate the Fair Housing Act.

73. The action that Defendants fired JANE CREASON for not performing – pursuing a trial to evict a female victim of domestic violence with a complete defense pursuant to California Code of Civil Procedure § 1161.3 - would violate the California Fair Employment and Housing Act.

74. Defendants THEODORE KIMBALL and PUNEET SINGH would also have forced JANE CREASON to violate the following California Rules of Professional Conduct: Rule 3-200 (duty not to harass or maliciously injure); Rule 3-210 (duty to advise client of violation of a law); Rule 3-600 (duty to go up the chain of corporate command when organization is client); and Rule 5-200 (duty of candor to the court).

75. Defendants THEODORE KIMBALL and PUNEET SINGH would also have forced JANE CREASON to violate California Business and Professions Code § 6106 (commission of an act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not, constitutes a cause for disbarment or suspension).

76. As a proximate result of JANE CREASON'S compliance with the Fair Housing Act and Fair Employment and Housing Act, and in violation of public policy as set forth in Paragraphs 72-75 above, Defendants THEODORE KIMBALL and PUNEET SINGH terminated JANE CREASON'S employment on August 15, 2012.

77. As a proximate result of Defendants' conduct, JANE CREASON has suffered harm, including lost earnings and other employment benefits, harassment, humiliation and embarrassment, all to her damage, in an amount to be established at trial.

78. Defendants THEODORE KIMBALL and PUNEET SINGH advertise as fair housing experts and therefore knew that requiring JANE CREASON to proceed to trial against a victim of domestic violence with a California Code of Civil Procedure § 1161.3 defense violated the Fair Housing Act, Fair Employment and Housing Act, and ethical statutes for an attorney, yet proceeded to retaliate against JANE CREASON for complying with fair housing laws by terminating her.

79. Defendants subjected JANE CREASON to cruel and unjust hardship in conscious disregard of her rights by ignoring the fair housing laws when criticizing her conduct, insisted that she should have violated the laws, and terminated her employment because she failed to violate the laws.

80. Defendants' conduct warrants the assessment of punitive damages.

81. Defendant KIMBALL, TIREY & ST. JOHN LLP ratified the conduct of Defendants THEODORE KIMBALL and PUNEET SINGH specified in Paragraphs 72-75, by putting JANE CREASON through its standard termination procedures.

82. Defendant TED KIMBALL as founding partner bound Defendant KIMBALL, TIREY & ST. JOHN LLP through his conduct terminating JANE CREASON.

83. PUNEET SINGH, managing partner of the Northern California office bound KIMBALL, TIREY & ST. JOHN LLP though her harassment of JANE CREASON, insisting she prepare repeated emails explaining her settlement of Victim's case when the Fair Housing Act and Fair Employment and Housing Act required no less than settlement to avoid discrimination based on sex.

84. In an industry dominated primarily by solo practitioners, Defendant KIMBALL, TIREY & ST. JOHN LLP is the largest and only state-wide landlord law firm in California.

78. Defendants THEODORE KIMBALL and PUNEET SINGH advertise as fair housing experts and therefore knew that requiring JANE CREASON to proceed to trial against a victim of domestic violence with a California Code of Civil Procedure § 1161.3 defense violated the Fair Housing Act, Fair Employment and Housing Act, and ethical statutes for an attorney, yet proceeded to retaliate against JANE CREASON for complying with fair housing laws by terminating her.

79. Defendants subjected JANE CREASON to cruel and unjust hardship in conscious disregard of her rights by ignoring the fair housing laws when criticizing her conduct, insisted that she should have violated the laws, and terminated her employment because she failed to violate the laws.

80. Defendants' conduct warrants the assessment of punitive damages.

81. Defendant KIMBALL, TIREY & ST. JOHN LLP ratified the conduct of Defendants THEODORE KIMBALL and PUNEET SINGH specified in Paragraphs 72-75, by putting JANE CREASON through its standard termination procedures.

82. Defendant TED KIMBALL as founding partner bound Defendant KIMBALL, TIREY & ST. JOHN LLP through his conduct terminating JANE CREASON.

83. PUNEET SINGH, managing partner of the Northern California office bound KIMBALL, TIREY & ST. JOHN LLP though her harassment of JANE CREASON, insisting she prepare repeated emails explaining her settlement of Victim's case when the Fair Housing Act and Fair Employment and Housing Act required no less to avoid discrimination based on sex.

84. In an industry dominated primarily by solo practitioners, Defendant KIMBALL, TIREY & ST. JOHN LLP is the largest and only state-wide landlord law firm in California.

85. Because of the state-wide stature of Defendant KIMBALL, TIREY & ST. JOHN LLP, and its prominence as a teaching law firm in the rental housing industry, the actions of its founding partner TED KIMBALL and managing partner PUNEET SINGH are all the more reprehensible for firing JANE CREASON when she complied with fair housing laws they purport to teach.

86. Defendants' conduct was despicable, terminating JANE CREASON for failing to harass and victimize Victim a second time - by putting Victim through an eviction trial for the penal code violations of her Perpetrator - for no other reason than impressing the Novato Police Department and City Council.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as follows:

1. Pursuant to the Fair Housing Act and Fair Employment and Housing Act, actual and punitive damages, a reasonable attorney's fee and costs;

2. For tortious discharge in violation of public policy, compensatory damages according to proof, including lost earnings and other employee benefits, costs of seeking other employment, and damages for harassment, humiliation and embarrassment;

3. For interest on lost earnings and benefits at the prevailing legal rate from August 15, 2012;

4. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar tortious discharge misconduct;

5. For costs of suit incurred by Plaintiff; and

6. For such other and further relief as the Court deems proper.

13

1
2    Date: 8/12/13                      Verne A. Perry, Attorney at Law
3
4
5                                       Attorney for Plaintiff JANE CREASON
6
7
8
9                      **JURY DEMAND**
10
     Plaintiff hereby demands Trial by Jury.
11
12
                                        Verne A. Perry, Attorney at Law
13
14
15   Date: 8/12/13
16                                       Attorney for Plaintiff JANE CREASON
17
18
19
20
21
22
23
24
25
26
27
28

14

STATE OF CALIFORNIA - Business, Consumer Services and Housing Agency                              GOVERNOR EDMUND G. BROWN JR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                              DIRECTOR PHYLLIS W. CHENG
2218 Kausen Drive, Suite 100 l Elk Grove l CA l 95758
800-884-1684 l Videophone 916-226-5285 l TTY 800-700-2320
www.dfeh.ca.gov l email: contact.center@dfeh.ca.gov

Aug 11, 2013

JaneCreason
in care of Verne Perry Law Office225 West Winton Ave., Suite 106
Hayward,California94544

RE: **Notice of Case Closure and Right to Sue**
    DFEH Matter Number: 150632-63738
    Right to Sue: Creason / Kimball, Tirey and St. John LLP,PuneetSingh

Dear JaneCreason:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment
and Housing (DFEH) has been closed effective Aug 11, 2013because an immediate Right to Sue notice was
requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a
civil action may be brought under the provisions of the Fair employment and Housing Act against the person,
employer, labor organization or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision
(EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of
the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing


Enclosures

cc: , Agentfor Service for Kimball, Tirey and St. John LLP PuneetSingh
    Theodore KimballKimball, Tirey, and St. John LLP
    Kimball, Tirey St. John LLP Kimball, Tirey and St. John