UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE L. CREASON,<br><br>Plaintiff,<br><br>v.<br><br>PUNEET KAUR SINGH, et al.,<br><br>Defendants. | Case No.  13-cv-03731-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 11 |

## I.    INTRODUCTION

Defendants Paneet Kaur Singh, Theodore Kimball and Kimball, Tirey & St. John LLP ("KTC") (collectively, "Defendants") have moved to dismiss Plaintiff Jane Creason's ("Plaintiff") complaint.  ECF No. 11.

## II.    BACKGROUND

### A.    Factual Background[1]

Plaintiff, a trial attorney, worked for Defendant KTS, a law firm that represents owners and

---

[1] On a motion to dismiss, the Court takes these factual allegations from the Complaint and deems them to be true.  The Court also GRANTS Defendants' request for judicial notice of the unlawful detainer complaint filed against Tenant A, and the documents submitted with it.  ECF No. 12.  "A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  The unlawful detainer complaint is incorporated into the complaint by reference, the complaint is noticeable as the record of another court proceeding, and Plaintiff's only objection to the notice has to do with the failure to redact names rather than its noticeability.  ECF No. 19.  As for Plaintiffs' requests for judicial notice, ECF No. 18, she has not supported the request with sufficient authority demonstrating their noticeability, and Defendants have objected to notice on evidentiary grounds.  ECF No. 21-1.  The Court OVERRULES those objections for the purposes of resolving this motion, since considering the submissions would not alter the Court's resolution of the motion.  In considering all of these documents, the Court does not assume the truth of disputed factual assertions contained therein.

managers of residential and commercial properties.  Complaint ¶¶ 2, 5, ECF No. 1.[2]  In summer 2012, Plaintiff worked on a matter in which KTS represented a residential landlord.  ¶¶ 14, 30.  The landlord maintained a lease contract for a residential building in Novato, California, with three tenants, including two tenants referred to in this order as "Tenant A" and "Tenant B." Exh. 1 to Declaration of Corrie J. Klekowski 1-5 ("Klekowski Decl."), ECF No. 13; Complaint ¶ 12.

In May 2012, on behalf of the landlord KTS, prepared and served a Notice To Quit and filed an Unlawful Detainer nuisance action against Tenant A, claiming that Tenant A had assaulted Tenant B, engaged in a loud extended argument, and later barricaded himself in the apartment, telling police that he had firearms and was prepared to kill himself and others, and requiring the entire building to be evacuated.  Exh. 1 to Klekowski Decl. 1-12-13; Complaint ¶ 12.

Tenant B answered the unlawful detainer action on her own behalf, raising a "domestic violence" defense to eviction pursuant to Section 1161.3(a) of the California Code of Civil Procedure.  ¶ 18-20.  Plaintiff informed Defendant Singh, Managing Partner of KTS's Northern California office, of various facts about Victim B's defense, but Defendant Singh "dismissed [her concern]."  ¶ 3, 25-26.  At a court settlement hearing, Plaintiff discovered that Tenant B had a "complete and valid domestic violence" defense to eviction.  ¶ 28.  Plaintiff, on behalf of KTS and representing the landlord, negotiated a stipulation with Tenant B settling the unlawful detainer action and allowing Tenant B to remain in the unit.  ¶ 30.

Defendant Singh then removed Plaintiff as attorney from a large account.  ¶ 36.  Plaintiff was later terminated in a meeting in Defendant Singh's office, with Defendant Kimball, KTS's founder, appearing telephonically.  ¶ 41.  Defendant Kimball stated that Plaintiff had mishandled the case by settling it, and should have proceeded to trial, whether or not she won, "so that the client would look good to the Novato Police Department and City Council."  ¶¶ 43-45.

**B.     Procedural History**

Plaintiff filed this action in August 2013 against the aforementioned named Defendants as well as Does 1-10.  Complaint.  In it, she brings four causes of action under the federal Fair

---

[2] All "¶" references are to the complaint.

United States District Court
Northern District of California

Housing Act ("FHA"): the first on the grounds that Defendants interfered with her because of her advocacy of the rights protected by the FHA, pursuant to 42 U.S.C. § 3617, and the second through fourth on the basis of regulatory provisions interpreting the scope of the FHA.  ¶¶ 51-62. The complaint also brings state-law causes of action under the California's Fair Employment and Housing Act and for tortious discharge in violation of public policy.  ¶¶ 63-86.

### C.    Jurisdiction

Plaintiff's first four causes of action allege violation of the Fair Housing Act, a federal statute, and so the Court has jurisdiction over those claims pursuant to 28 U.S.C. § 1331.

### D.    Legal Standard

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  Dismissal is also proper where the complaint alleges facts that demonstrate that the complaint is barred as a matter of law.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiffs' obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a pleading must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. Twombly, 550 U.S. at 556.

## III.    ANALYSIS

### A.    First Cause of Action

The FHA makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of

United States District Court
Northern District of California

3

his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617.  Section 3604(b) of that title, in turn, makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."[3] "To establish a *prima facie* case of retaliation [under Section 3617], a plaintiff must show that (1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action."  Walker v. City of Lakewood, 272 F.3d 1114, 1128 (9th Cir. 2001).

### 1.      Protected Activity

The complaint does not allege facts from which it could plausibly be inferred that Plaintiff engaged in protected activity.  The complaint does not suggest, and the Court does not understand Plaintiff to argue, that Defendants interfered with Plaintiff herself exercising a right protected by the FHA or that they retaliated against her for herself exercising such a right.  Putting the remaining elements together as pertinent to Plaintiff's complaint, Plaintiff must therefore allege that she "aided or encouraged . . . [an] other person" in exercising or enjoying the right to be free from sex discrimination in housing.

Plaintiff alleges in the complaint that she engaged in such activity because she "assisted a [v]ictim of domestic violence based on sex," and "aided Victim [i.e., Tenant B] in her housing rights."  ¶¶ 62, 66.  She also alleges that Defendants' opposition to her litigation tactics interfered with her "advocacy of the rights protected by the Fair Housing Act."  ¶ 53.  The difficulty, of course, is that Plaintiff's job, and her ethical and professional responsibilities, were to represent the landlord, the party *adverse* to Tenant B in the eviction proceeding.  Tenant B may have had a meritorious defense to the eviction proceedings; perhaps it was true, or least Plaintiff felt it was

---

[3] Defendants assert, and it appears to the Court, that Section 3604(b) contains the only provision cited in 42 U.S.C. § 3617 that might form the predicate for Plaintiff's Section 3617 cause of action.  Plaintiff does not point to any other provision of Sections 3603, 3604, 3605 or 3606 that might be applicable.

United States District Court
Northern District of California

1    true, that Tenant B's cause was the more noble one.  But Tenant B was not her client.

2         In her opposition brief, Plaintiff puts it differently.[4]  She now claims that because she

3    "advocated for her client by negotiating a Stipulation to avoid housing discrimination based on sex

4    (a right protected by § 3604), she engaged in a protected activity and has a valid claim under 42

5    U.S.C. § 3617."  Plaintiff's Opposition to Motion to Dismiss ("Opp.") 3:25-28., ECF No. 16.  She

6    also argues that it constitutes protected activity to "compl[y] with Fair Housing Laws," and to

7    "ensure[] the eviction did not discriminate."  Opp. 8:17-19.

8         First of all, "[i]t is axiomatic that the complaint may not be amended by briefs in

9    opposition to a motion to dismiss."  <u>Tietsworth v. Sears</u>, 720 F. Supp. 2d 1123, 1145 (N.D. Cal.

10   2010) (quoting <u>Barbera v. WMC Mortgage Corp.</u>, No. C 04–3738(SBA), 2006 WL 167632, at *2,

11   n. 4 (N.D. Cal. Jan. 19, 2006)).  Plaintiff's brief is much more of a retraction of her original

12   allegations than a 'clarification.'  <u>Cf.</u> <u>Pegram v. Herdrich</u>, 530 US 211, 230, n. 10 (2000).

13        But even if the Court were to recast the complaint to make these allegations, they do not

14   state a claim.  Plaintiff cites no case that, even by analogy, suggests that it is protected activity for

15   a non-landlord party to merely "comply" with Fair Housing laws, or to negotiate the resolution of

16   a case in a way that has the effect of avoiding potential violation of those laws.  Section 3617

17   specifically protects those who "aid[] or encourage[] . . . [an] other person" in the exercise of the

18   exercise of *that person*'s housing rights.  It does not encompass those who aid or encourage a

19   *different* party to engage in behavior that arguably has the effect of *avoiding violation* of housing

20   laws.

21        At oral argument, Plaintiff's counsel suggested that Plaintiff could have been aiding and

22

23   _____

     [4] Plaintiff suggests that Defendants are somehow are being unfair by suggesting that she was

24   aiding the tenant.  <u>See</u> Opp. 16:25-26 ("Defendants argue that JANE CREASON was advocating
     for the tenant. Reading the Complaint in its entirety, this interpretation cannot be true.").  The

25   complaint *states specifically* that Plaintiff was aiding and assisting the tenant.  ¶¶ 62, 66. For this
     reason, the Court declines Plaintiff's invitation to convert this motion into a summary adjudication

26   of whether Plaintiff was, as she alleges in the complaint, advocating for Tenant B.  On a motion to
     dismiss, the Court deems all matters alleged in the complaint to be true.  Defendants have not

27   "raised extrinsic matter outside the Complaint" in pointing out what the complaint itself says, and
     the documents of which Defendants sought judicial notice do not relate to the allegation that

28   Plaintiff was advocating for the tenant.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    encouraging Tenant B insofar as she was fulfilling her ethical and professional duty to Tenant B

2    not to subject Tenant B to a malicious prosecution.   Even on that theory, however, Plaintiff's

3    purpose in doing so would be to avoid a malicious prosecution, not to aid or encourage a tenant in

4    the exercising of her housing rights.  Again, Plaintiff cites no authority adopting such an expansive

5    interpretation of Section 3617's "aid or encourage" requirement.

6          Finally, Plaintiff argues that it is "implied in the complaint" that she was fired for

7    "refus[ing] to participate in a discriminatory housing practice."  The Court does not agree that that

8    implication is clear from the complaint.  But even if it were, that allegation suffers from the same

9    infirmity as the others.

10          The Court does not suggest that attorneys representing landlords – or, for that matter,

11    attorneys in general – bear no ethical responsibilities towards adverse parties, and neither does it

12    intend to diminish the importance of attorneys ensuring that their clients do not violate the FHA.

13    But Plaintiff has failed to demonstrate that she has a viable FHA claim on the facts alleged in the

14    complaint.

15                    **2.      Sex Discrimination under the FHA for Domestic Violence**

16          Defendants also argue that Plaintiff has not stated a claim since "Section 3604 prohibits

17    gender discrimination, not evicting domestic violence victims."  Motion 7:22-23.  The Court does

18    not reach the question to decide the motion, but addresses it for the benefit of the parties in the

19    event Plaintiff amends her complaint.

20          There is persuasive authority that, at least in some cases, evicting a tenant with a valid

21    domestic violence defense could constitute discrimination on the basis of sex in violation of

22    Section 3604.  Opp. 3.  See Kristen M. Ross, Note, Eviction, Discrimination, and Domestic

23    Violence: Unfair Housing Practices Against Domestic Violence Survivors, 18 Hastings Women's

24    L.J. 249, 264 (2007) (noting that HUD took such a position in United States and Alvera v. C.B.M.

25    Group, Inc., No. 01-857-PA (D. Or. filed June 8, 2001)); see also Bouley v. Young-Sabourin, 394

26    F. Supp. 2d 675, 678 (D. Vt. 2005) (holding that, if proven, plaintiff's claims -- that her lease was

27    terminated because she was a victim of domestic violence, and because she refused to listen to a

28    landlord's attempt to talk to her about religion -- "could constitute unlawful discrimination under

the Fair Housing Act").

This Court agrees with the holding in <u>Bouley</u> that the eviction of a tenant because she is a victim of domestic violence might constitute unlawful discrimination under the Fair Housing Act. <u>Id.</u>

### B.      Second, Third and Fourth Causes of Action

Defendants argue, and Plaintiff does not dispute, that these "causes of action" only recite regulations interpreting the scope of the FHA, and do not provide any separate rights of action distinct from Plaintiff's first cause of action.

Moreover, the regulatory provisions do not even appear to apply to the facts alleged in the complaint.  The second "cause of action" invokes 24 C.F.R. § 100.60(b)(5),[5] which prohibits landlords from evicting tenants for discriminatory reasons, but Plaintiff is not a tenant and Defendants are not landlords.  In the third "cause of action," Plaintiff invokes 24 C.F.R. § 100.70(d)(1), which prohibits "[d]ischarging or taking other adverse action against an employee, broker or agent because he or she refused to participate in a discriminatory housing practice."  But the title of this provision is "Other prohibited sale and rental conduct," and the provision Plaintiff cites is specifically limited to "conduct relating to the provision of housing or of services and facilities in connection therewith that otherwise makes unavailable or denies dwellings to persons."  24 C.F.R. § 100.70(b).  Plaintiff cites no authority for the proposition that this language extends to actions by a law firm and lawyers who provide legal services to landlords.

The fourth "cause of action" at least interprets a provision applicable to Plaintiff's first cause of action, 24 C.F.R. § 100.40(c)(3).  But the cited provision applies only to those who make an "effort to assist a person seeking access to the sale or rental of a dwelling or seeking access to any residential real estate-related transaction."  <u>Id.</u>  For the same reasons discussed *supra*, Plaintiff cannot plausibly claim to have been making efforts to assist a person seeking access to housing.

Plaintiff makes no argument in her opposition that would salvage these three causes of action.

---

[5] The Complaint actually says "100.60(5)."  ¶ 55.

7

## C.    State-Law Causes of Action

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350, n. 7 (1988).  Since Plaintiff has failed to state a viable federal claim, and the only federal jurisdiction asserted is federal question jurisdiction, the Court will decline to exercise supplemental jurisdiction over the fifth and sixth causes of action at this time.

However, if Plaintiff amends her complaint, the Court urges her to evaluate the arguments Defendants made in their motion to dismiss and make whatever amendments she thinks necessary in light of those arguments.

## D.    Individual Defendants

Defendants also argue that Plaintiffs' allegations "cannot support a cause of action against the individual supervisors, Kimball and Singh."  Motion 16:6-7.  Most of these arguments deal with Plaintiff's state-law claims, although Defendants argue the same principle applies to her FHA claims as well.  Motion 16:24-17:2.  The only authority they cite for this proposition, however, does not deal with the FHA at all.  <u>See</u> <u>Miklosy v. Regents of Univ. of California</u>, 44 Cal. 4th 876, 900 (2008).  Defendants have failed to meet their burden of demonstrating that Plaintiff may not bring an FHA action against Defendants Kimball and Singh.

## E.    Leave to Amend

Plaintiff has leave to file an amended complaint that re-asserts her FHA claim, if she can state additional facts not alleged in the current complaint which demonstrate that she "aided or encouraged . . . [an] other person" in exercising or enjoying that other person's right to be free from discrimination in housing.

The Court will not grant Plaintiff leave to re-allege her second through fourth causes of action, since they fail as a matter of law to invoke any right of action.  She may allege violations of the regulatory provisions as predicates for her FHA cause of action, but only if she can amend the complaint to allege additional facts that overcome the deficiencies discussed at III-B, *supra*.

1   With any amended complaint, Plaintiff must, in a separate document, describe the

2  amendments she has made to overcome the deficiencies addressed in this order.

3  **IV.   CONCLUSION**

4   Defendant's motion to dismiss the complaint is GRANTED IN PART and DENIED IN

5  PART.  Plaintiff's first cause of action is DISMISSED WTHOUT PREJUDICE, her second

6  through fourth causes of action are DISMISSED WITH PREJUDICE, and the Court does not

7  exercise jurisdiction over Plaintiffs' fifth and sixth causes of action.

8   Plaintiff is ORDERED to file any amended complaint within twenty-one days of the date

9  of this order.  Failure to file an amended complaint by that date, or to otherwise comply with the

10  terms of this order, will result in dismissal with prejudice.

11   **IT IS SO ORDERED.**

12  Dated:  November 26, 2013

13  _____

14  JON S. TIGAR
   United States District Judge

United States District Court
Northern District of California

9