UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE L. CREASON,<br><br>    Plaintiff,<br><br>    v.<br><br>PUNEET KAUR SINGH, et al.,<br><br>    Defendants. | Case No. 13-cv-03731-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT; DENYING WITHOUT PREJUDICE MOTION TO SPECIALLY STRIKE**<br><br>Re: ECF Nos. 38 & 51 |

The Court previously granted Defendants' Motion to Dismiss the only federal claim in this action, and granted Plaintiff leave to re-assert that claim in an amended complaint "if she can state additional facts not alleged in the current complaint which demonstrate that she 'aided or encouraged ... [an] other person' in exercising or enjoying that other person's right to be free from discrimination in housing." Order Granting in Part and Denying in Part Motion to Dismiss ("Previous Order") 8:21-24, ECF No. 34, 2013 WL 6185596, at *5, 2013 U.S. Dist. LEXIS 168269, 16 (N.D. Cal. Nov. 26, 2013).

Plaintiff has filed a First Amended Complaint ("FAC"), which Defendants have again moved to dismiss. ECF Nos. 35 & 38. Defendants have also filed a motion to specially strike the state-law causes of action in the FAC pursuant to California's Anti-SLAPP ("Strategic Lawsuit Against Political Participation") statute. ECF No. 51. The Court re-adopts its statement of the facts, procedural history, legal standard and jurisidiction from its Previous Order. Previous Order 1:12-3:24, 2013 WL 6185596, at *2, 2013 U.S. Dist. LEXIS 168269, 1-6.

The Court previously rejected Plainitiff's claim that she engaged in activity protected by the Federal Housing Act ("FHA") by "assist[ing] a [v]ictim of domestic violence based on sex," since she argued she was "assisting" a party adverse to the client she was representing in an

unlawful detainer action. Previous Order 3:25-6:14, 2013 WL 6185596, at *2-4, 2013 U.S. Dist. LEXIS 168269, 6-11. In the FAC, Plaintiff does not make any pertinent new factual allegations. Instead, she merely recasts her legal argument regarding the same facts alleged in the previous complaint. Instead of explicitly stating that she was "assisting" the tenant, she now argues that she was terminated "for refusing to engage in a discriminatory housing practice," and that she was "engaging in a protected activity under the Fair Housing Act when she refused to discriminate and settled the" unlawful detainer action. FAC ¶ 52, 70. The Court already addressed and rejected this alternative argument in its Previous Order. 5:2-6:9, 2013 WL 6185596, at *3-4, 2013 U.S. Dist. LEXIS 168269, 9-11. The actions pled in the FAC fail to state a claim that Plaintiff "aided or encouraged . . . [an] other person" in exercising or enjoying the right to be free from sex discrimination in housing. 42 U.S.C. § 3617.

While the Court did not grant Plaintiff leave to make new legal arguments based on essentially the same facts, the Court has reviewed Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028 (2005), the case on which Plaintiff primarily relies. Yanowitz is an employment discrimination case under California's Fair Housing and Employment Act, and therefore provides little support for Plaintiff's housing discrimination claim under the federal FHA. Yanowitz is not even instructive by analogy, since the statutory provision at issue in that case prohibits an employer from taking any action to discriminate against a person "because the person has opposed any practices forbidden under" the statute. Id. at 1049 (citing Cal. Gov. Code § 12940(h)). Plaintiff cites no similar language in the FHA into which the activity alleged in the complaint could conceivably fit.

The Court will again dismiss the FHA claim. "[A] district court does not 'abuse its discretion in denying a motion to amend a complaint ... when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally.'" Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990) (quoting Vincent v. Trend Western Technical Corp., 828 F.2d 563, 570-71 (9th Cir. 1987)). "Where the plaintiff has previously filed an amended complaint . . . the district court's discretion to deny leave to amend is 'particularly broad.'" Miller v. Yokohama Tire Corp., 358 F.3d 616,

622 (9th Cir. 2004) (quoting Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir.2002)). It is also clear that further amendment would be futile. Plaintiff states that "[t]he allegation that JANE CREASON aided and assisted the tenant was unintentionally left out and Plaintiff will move leave to file a Second Amended Complaint inserting that contention only, as initially pled." Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint 3:20-23, ECF No. 48. This would leave the operative complaint in the same position as the initial complaint, and subject to dismissal for the same reason.

Therefore, the FHA claim is DISMISSED WITH PREJDUICE. Since the Court will not exercise jurisdiction over the state-law claims in this action, it will DENY Defendants' Motion to Dismiss insofar as it applies to the state-law claims, and will likewise DENY Defendants' Anti-SLAPP Motion, both without prejudice to their being raised in any state court proceeding.

Defendants shall submit a proposed form of judgment within fourteen days of the date of this order. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 9, 2014



_____
JON S. TIGAR
United States District Judge